NOT FOR PUBLICATION                                                                CLOSED

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| REGAN URIARTE,<br><br>                    Plaintiff,<br><br>v.<br><br>OUTBACK STEAKHOUSE, et al.,<br><br>                    Defendants. | Civil Action No.: 11-897 (JLL)<br><br><br>OPINION |

**LINARES**, District Judge.

This matter comes before the Court by way of Plaintiff Regan Uriarte ("Plaintiff" or "Uriarte")'s Motion to Remand [Docket Entry No. 15] to the Superior Court of New Jersey, Law Division, Morris County pursuant to 28 U.S.C. § 1447(c). The Court decides this matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons set forth below, the Court GRANTS Plaintiff's motion to remand, but DENIES his motion for attorneys' fees and costs.

## I. BACKGROUND

Plaintiff commenced the instant action on November 29, 2010, in the Superior Court of New Jersey, Morris County, Law Division ("State Court") against Defendants Outback Steakhouse of Florida, Inc. ("Outback Steakhouse"), OS Restaurant Services, Inc. ("OSRS"), OSI Restaurant Partners, Inc. ("OSI, Inc."), OSF New Jersey Services, L.P. ("OSFNJ") and

Kevin Cross ("Cross"). (Pl. Mot. to Remand, Ex. A). The State Court action arose out of Plaintiff's claims of unlawful termination under New Jersey law from his employment as a proprietor of an Outback Restaurant located in Secaucus, New Jersey. Plaintiff further alleged that this termination was in violation of the terms of his Employment and Partnership Agreements with Defendants. In his Complaint, Plaintiff asserted three counts under the New Jersey Law Against Discrimination ("NJLAD") for discrimination and retaliation against All Defendants; one count each for breach of fiduciary duty and unjust enrichment against all Defendants; one count each for breach of contract and breach of covenant of good faith and fair dealing against Outback Steakhouse, OSRS, and OSFNJ; and two counts of tortious interference against Cross. (Pl. Compl., ¶¶ 36-88).

On January 20, 2011, counsel for Defendants acknowledged service of Plaintiff's Complaint, but notified the Plaintiff that two named Defendants–Outback Steakhouse and OSI–were incorrectly named as corporations ("Inc.") rather than their successor entities which were limited liability corporations ("LLCs"). Defendants' counsel identified the correct corporate entities to Plaintiff through hand-written modifications to the acknowledgment of service. (Pl.'s Mot. to Remand, Ex. C). Specifically, Defendants' counsel struck through the service date of "December, 2010" and wrote "20th [day of] January, 2010," and he also struck through the "Inc." which followed "Outback Steakhouse of Florida" and "OSI Restaurant Partners," writing "LLC" above each struck "Inc." (Id.) Defendants' counsel Kevin D. Johnson then signed the acknowledgment of service. (Id.)

On February 8, 2011, Plaintiff amended his Complaint in two respects: 1) Plaintiff added Defendants Outback Steakhouse of Florida, LLC, and OSI Restaurant Partners, LLC; and 2)

2

Plaintiff added state law claims that had arisen after the filing of the Complaint (namely, additional counts of breach of contract and conversion against Outback Steakhouse as well as one count seeking declaratory judgment against Outback Steakhouse). (Pl.'s Mot. to Remand, Ex. C).

On February 17, 2011, Defendants removed the state court action to this Court based on diversity jurisdiction under 28 U.S.C. §§ 1332(a) and 1441. (Docket Entry No. 1). Plaintiff filed his first motion to remand on March 4, 2011, on grounds that complete diversity did not exist between himself and Defendant OSFNJ as both were residents of New Jersey. (Docket Entry No. 9). Defendants then amended their Notice of Removal arguing that complete diversity was not destroyed for the purposes of this Court's subject matter jurisdiction since, Defendants alleged, Plaintiff had fraudulently joined OSFNJ. (Docket Entry No. 10). On March 25, 2011, Plaintiff filed the instant Motion to Remand following the Court's approval, and challenged both this Court's subject matter jurisdiction over this matter based on diversity and the timeliness of Defendant's Amended Notice of Removal.

## II. LEGAL STANDARD

Under 28 U.S.C. §§ 1441 and 1446, parties may remove civil actions brought in state courts to a federal district court as long as the district court has original jurisdiction over the action and the party removing the action has done so within 30 days after receipt of the initial pleading. See 28 U.S.C. §§ 1441 and 1446. The moving party bears the burden of demonstrating the appropriateness of removal. Samuel-Bassett v. Kia Motors America, Inc., 357 F.3d 392, 396 (3d Cir. 2004). The removal statutes "are to be strictly construed against removal

and all doubts should be resolved in favor of remand." Steel Valley Auth. v. Union Switch and Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987)(citations omitted). When, as now, Plaintiffs assert subject matter jurisdiction on the basis of diversity, there must be complete diversity amongst the parties such that every plaintiff must be diverse from every defendant. 28 U.S.C. § 1332(a). If the non-diverse party or parties was fraudulently joined, the court "can disregard, for jurisdictional purposes, the citizenship of non-diverse defendants, assume jurisdiction over a case, dismiss the non-diverse defendants, and thereby retain jurisdiction." In re Briscoe, 448 F.3d 201, 215-16 (3d Cir. 2006). A federal court is required to dismiss or remand a suit in which any party, by assignment or otherwise, has been improperly or collusively joined to invoke federal diversity jurisdiction. See 28 U.S.C. § 1359; Boyer v. Snap-On Tools Corp., 913 F.2d 108, 110 (3d Cir. 1990). However, if a court finds that it does not have subject-matter jurisdiction over the removed action because the joinder of a non-diverse party was not fraudulent, improper or collusive joined, it must remand to state court. Id. Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of the removal." "[A]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).

This Court finds that Defendants' Amended Notice of Removal was untimely filed, so in its consideration of this Court's subject matter jurisdiction over the matter, the Court will not consider Defendants' arguments concerning Plaintiff's alleged fraudulent joinder of Defendant OSFNJ. While this Court may, pursuant to 28 U.S.C. § 1359, dismiss or remand a suit in which

4

a party was improperly or collusively joined to invoke federal diversity jurisdiction, it does not find that OSFNJ was so joined. Finally, because this Court finds that Defendants had a reasonable basis, given the confusion and uncertainty in fraudulent joinder doctrine, to seek removal, there is no justification for an award of attorney's fees and costs to Plaintiff.

### III. DISCUSSION

#### A. Subject Matter Jurisdiction under 28 U.S.C. § 1441(a)

Pursuant to 28 U.S.C. § 1441(a),

> any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). District courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and where there is complete diversity between the parties such that every plaintiff is diverse from every defendant in the action. 28 U.S.C. § 1332(a); see Caterpillar, Inc. v. Lewis, 519 U.S. 61, 68 (1996). In this Circuit, a limited liability company, "as an unincorporated business entity, should be treated as a partnership for purposes of establishing citizenship." Zambelli Fireworks Manufacturing Co., Inc. v. Wood, 592 F.3d 412, 420 (3d Cir. 2010). This Circuit requires courts "to look to the citizenship of all the partners (or members of other unincorporated associations) to determine whether the federal court has diversity jurisdiction." Swiger v. Allegheny Energy, Inc., 540 F.3d 179, 182 (3d Cir. 2008)(citations omitted). Therefore, if no complete diversity exists between this Plaintiff and all partners of a named defendant LLC or limited partnership, this Court must remand the matter to the state court. See 28 U.S.C. § 1447(c).

Plaintiff filed his initial motion to remand on March 4, 2011, based on the lack of complete diversity of citizenship between himself and named defendant in this action, OSFNJ, as both he and OSFNJ are citizens of New Jersey for diversity purposes. (Pl.'s Br. in Supp. of Mot. to Remand at 1). In response to this motion, Defendants filed an Amended Notice of Removal on March 9, 2011, conceding that OSFNJ is a citizen of New Jersey, but arguing that OSFNJ was fraudulently joined by Plaintiff in his state court action in order to defeat federal diversity jurisdiction for the purposes of removal. (Defs. Am. Notice of Removal at 5). As is discussed in the next section, Defendant's argument for fraudulent joinder will not be considered by this Court as it is time-barred. However, this Court may still dismiss or remand an action if a party is improperly or collusively joined to establish federal diversity jurisdiction pursuant to 29 U.S.C. § 1359. Since this Court finds that both Plaintiff and OSFNJ are citizens of New Jersey, and, further, does not find that Plaintiff has joined OSFNJ improperly or collusively, it must remand this matter to the state court.

There is no doubt that Plaintiff Uriarte and Defendant OSFNJ are citizens of New Jersey for diversity purposes. OSFNJ is a limited partnership, and approximately 20 of its partners are New Jersey residents, according to Schedule I of the OSFNJ Limited Partnership Agreement. (Pl.'s Mot. to Remand, Ex. F at 71-72). This makes OSFNJ a resident of New Jersey for diversity jurisdiction purposes, breaking the requisite complete diversity for this Court's diversity jurisdiction under § 1332(a). While Defendants' Amended Notice of Removal was time-barred, this Court notes that Defendants have conceded OSFNJ's status as a New Jersey resident. (Notice of Removal at 2)

Further, there was no improper or collusive joinder of OSFNJ on the part of Plaintiff

Uriarte in the state court action. Pursuant to 28 U.S.C. § 1447(c), "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c) (1998). Under 28 U.S.C. § 1359, federal courts must dismiss or remand a suit in which any party, by assignment or otherwise, has been improperly or collusively joined to invoke federal diversity jurisdiction. See Kramer v. Caribbean Mills, Inc., 394 U.S. 823 (1969); Boyer, 913 F.2d at 110. The removal statutes "are to be strictly construed against removal and all doubts shall be resolved in favor of remand." Steel Valley, 809 F.2d at 1010. "If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to the state court." Boyer, 913 F.2d at 111. The removing party bears a "heavy burden of persuasion" in proving their charge that a plaintiff has fraudulently joined a party to destroy diversity of jurisdiction. Steel Valley, 809 F.2d at 1010, 1012 n.6. Joinder is fraudulent "where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment." Abels v. State Farm Fire & Casualty Co., 770 F.2d 26, 32 (3d Cir. 1987)(citations omitted).

In Defendants' Brief in Opposition to Plaintiff's Motion to Remand, they argue that Plaintiff's claims against Defendant OSFNJ are insubstantial and frivolous with no basis in fact or law. (Defs. Br. in Opp'n to Pl.'s Mot. to Remand at 11). Defendants assert that OSFNJ was not Plaintiff's employer for purposes of its New Jersey Law Against Discrimination claims, and that Plaintiff has failed to establish any agreement or contract breach on the part of OSFNJ for the purposes of its breach of contract and breach of the covenant of good faith and fair dealing

claims. (Id. at 16-18). Defendants also assert that Plaintiff's breach of fiduciary duty and unjust enrichment claims fail as a matter of law. (Id. at 18-20). This Court need only determine that it is possible for a state court to find any cause of action in Plaintiff's complaint against resident Defendant OSFNJ for it to remand the matter to state court. Defendant did not meet its heavy burden of persuasion regarding manufactured joinder since this Court finds a reasonable basis in fact and a colorable ground supporting claims against joined Defendant OSFNJ.

In his state court complaint, Plaintiff alleges in detail the nature of his relationship with OSFNJ as well as OSFNJ's duties to Plaintiff under their Limited Partnership Agreement. According to Plaintiff's complaint, he became a limited partner of OSFNJ after he became a proprietor owner of the Edgewater Outback Restaurant and signed an employment agreement with OSRS, also a limited partner of OSFNJ, for a five-year term. (Notice of Removal, Ex. A at 3). At the expiration of that employment contract in 2002, Plaintiff was offered the opportunity to purchase a 20% interest in a new Outback Restaurant in Secaucus, New Jersey, of which Plaintiff became a proprietor-owner on or about June 1, 2002, entering a new five-year employment contract with OSRS and becoming a limited partner in OSFNJ, which owned and operated the Secaucus Outback Restaurant. (Id. at 4). At the end of that contract, Uriarte received a buyout on or around February 28, 2007, and he immediately repurchased his initial interest of 10% in the Secaucus Outback Restaurant, signing a new employment agreement with OSRS, with a five-year term from February 28, 2007, through February 28, 2012. (Id. at 4-5). Upon Plaintiff's repurchase of his interest in the Secaucus Outback Restaurant, Plaintiff retained a limited partnership interest, plus an Additional Interest in OSFNJ pursuant to the OSFNJ Agreement of Limited Partnership. (Id. at 5). The Limited Partnership Agreement was signed on

8

April 16, 2007, with Plaintiff Uriarte listed as a partner for the Secaucus restaurant. (Pl.'s Mot. to Remand, Ex. F at 45). Beginning around May 2, 2010, Plaintiff was directly supervised by the Joint Venture Partner ("JVP") of OSFNJ for his region, Kevin Cross. (Notice of Removal, Ex. A at 5) On May 17, 2010, Defendant Cross issued Plaintiff a Notice of Deficiency, giving Plaintiff 30 days to remedy alleged deficiencies or have his Employment Agreement terminated, losing his interest in the OSFNJ. (Id. at 6). Cross terminated Plaintiff on July 2, 2010, at a meeting scheduled to discuss the Deficiency Notice filed against Plaintiff. (Id.). On July 10, 2010, Outback Steakhouse elected to purchase Uriarte's Additional Interest in the Limited Partnership, and when Plaintiff attempted to reach an agreement with Outback Steakhouse regarding valuation, Defendant Outback Steakhouse invoked the appraisal process in the OSFNJ Agreement, indicating that that Agreement governed the valuation and purchase of limited partner's interest in the Limited Partnership. (Id. at 8-9).

At their core, Plaintiff's allegations against OSFNJ rely on OSFNJ's status as a *de facto*/dual employer under the New Jersey Law Against Discrimination, as well as Cross's actions in issuing the notice of deficiency and terminating Plaintiff as a JVP of OSFNJ. (Pl.'s Reply to Defs. Br. in Opp'n to Pl.'s Mot. Remand at 3-7). This Court will not adjudicate the merits of these claims, but must merely determine whether a state court could find a reasonable basis in fact or a colorable ground for supporting Plaintiff's claims against OSFNJ. Keeping in mind Defendants' heavy burden of persuasion and the requirement that removal statutes be strictly construed against removal with all doubts resolved in favor of remand, this Court finds Plaintiff's allegations against OSFNJ sufficient to assert colorable claims.

First, on its face, Plaintiff's Employment Agreement with Defendants requires Plaintiff to

9

manage and supervise his restaurant's operations in accordance with the "directions of Employee's supervisors." (Pl.'s Mot. to Remand, Exhibit E at 2). Plaintiff's supervisor, Defendant Cross, was a JVP of OSFNJ. (Id.) The basis of Plaintiff's action centers on his termination and the legal consequences resulting from that termination, and Defendant Cross terminated Plaintiff, demonstrating his control of Plaintiff's employment. To determine whether an employment relationship exists between two parties, New Jersey courts adopt a twelve-factor test considering:

> (1) the employer's right to control the means and manner of the worker's performance; (2) the kind of occupation–supervised or unsupervised; (3) skill; (4) who furnishes the equipment and workplace; (5) the length of time in which the individual has worked; (6) the method of payment; (7) the manner of termination of the work relationship; (8) whether there is annual leave; (9) whether the work is an integral part of the business of the "employer"; (10) whether the worker accrues retirement benefits; (11) whether the "employer" pays social security taxes; and (12) the intention of the parties.

D'Annuzio v. Prudential Ins. Co. of Am., 383 N.J.Super. 270, 277 (App. Div. 2006). Defendants have a heavy burden of persuasion in showing that Defendant Cross terminated Plaintiff on behalf of OSRS and Outback, and that it was not even possible that he did so on behalf of OSFNJ, triggering rights under that agreement for the general partner or partnership to purchase Plaintiff's interest. A state court could find that a number of factors–right to control performance, the nature of supervision over proprietors and the manner of termination of the work relationship–point towards an employment relationship between Plaintiff and Defendant OSFNJ since the Employment Agreement mandates adherence to appointed supervisors and the agency relationship between Plaintiff's supervisor and OSFNJ may implicate OSFNJ in its agent's termination of Plaintiff. Further, Defendant Cross is given rights under the Limited Partnership Agreement which allow him to benefit from the termination of Plaintiff (see Pl.'s

Mot to Remand, Ex. F at 8). For example, General Partners in OSFNJ may allow JVPs to purchase Limited Partnership Interests or Additional Limited Partnership Interests, and they can also modify the Partnership Percentage received by a JVP. Finally, the status of Plaintiff's Employment Agreement triggers duties and obligations with respect to his limited partnership interest in OSFNJ, not only because such employment is a condition precedent to admission as a limited partner, but also because his termination triggers buy-back and other rights that the Limited Partnership Agreement delineates. (See "Employment Agreement" and "Limited Partnership Agreement," Pl.'s Mot. to Remand, Exs. E and F). It is thus possible that the overlap of OSRS, Outback and Defendant Cross with OSFNJ and the Limited Partnership Agreement controlled Plaintiff's employment, the termination of which resulted in the triggering of contractual obligations and rights to be adjudicated against all three defendants by the state court. Since Plaintiff's contractual rights in the Employment and Limited Partnership Agreements are so intertwined, and an agent of OSFNJ is the direct cause of Plaintiff's alleged unlawful termination, it was neither improper nor collusive to join OSFNJ in Plaintiff's state court action.

For these reasons, this Court finds that it does not have subject matter jurisdiction over the matter due to lack of complete diversity between Plaintiff and Defendant OSFNJ. It further finds that the joinder of OSFNJ in the state court action was not improper and collusive so as to manufacture jurisdiction in federal court.

### B. Timeliness of Amended Notice of Removal

Timely removal is governed by 28 U.S.C. § 1446(b), which provides

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has

11

then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b). The commencement of that thirty-day period can be triggered by "simultaneous service of the summons and complaint or receipt of the complaint 'through service or otherwise,' after and apart from service of the summons, but not by the mere receipt of the complaint unattended by any formal service.' . . . . [I]f the summons and complaint are served together, the 30-day period for removal runs at once." Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 348 (1999). The question of whether service occurred is a question of state law. Id. at 353 ("It is not possible to state definitely in general terms the precise scope and effect of the word 'otherwise' in its context here because its proper application in particular situations will vary with state procedural requirements as to the method of effecting service of summons and time and place of filing the complaint."). In New Jersey, an acceptance of the service of a summons, signed by the defendant's attorney "shall have the same effect as if the defendant had been properly served." N.J. Court Rules, R. 6:2-3(e).

Within the thirty-day period allotted to movants for removal, a removal notice may be freely amended if there are defective allegations of jurisdiction and it is in the interests of justice. See 28 U.S.C. §1653; ASX Corp. v. Adriatic Ins. Co., 345 F.3d 190, 204 (3d Cir. 2003). Subsequent to that thirty-day period, the removal notice may be amended but only by leave of the court and to cure technical defects. 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."); see Miniet v. Automated Packaging Sys., 1996 U.S. Dist. LEXIS 21805 (D.N.J. May 29, 1996). In Miniet, the court provided that "where the defect is fundamental, . . . the notice of removal may not be untimely amended . . . The thirty day requirement imposed by 28 U.S.C. § 1446 is fundamental." Id. at *12-13. If the

12

party seeking removal did not seek leave to amend a defective notice of removal within the requisite statutory period, and the amended notice of removal is untimely, arguments made to cure jurisdictional defects of the original notice will not be considered. Defendants never sought leave to amend their Notice of Removal from this Court.

Plaintiff Uriarte argues that the thirty-day time period was triggered on January 20, 2011, when Defendants' counsel, Kevin D. Johnson, corrected and signed the acknowledgment of service of the initial summons and complaint of Plaintiff's state court action. Defendants accordingly had until February 21, 2011, to timely file a notice of removal, and since the Amended Notice of Removal was not filed until March 9, 2011, it was not timely filed and should not be considered by this Court. (Pl.'s Br. in Supp. of Mot. to Remand at 7-8). Further, Plaintiff asserts that his Amended Complaint in the state court action neither added additional parties nor created new grounds for removal but rather included the new and proper names of already named defendants. (Id. at 8-9).

Defendants assert that the Amended Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) and Federal Rule of Civil Procedure 6 since Plaintiff's original complaint filed at state court was not an "initial pleading" under 28 U.S.C. § 1446(b). Rather, the thirty-day period in which Defendants could file a notice of removal was triggered by service on Defendants of Plaintiff's Amended Complaint which added the correctly named successor entities, Outback Steakhouse of Florida, LLC and OSI Restaurant Partners, LLC, to the action before the state court. (Defs. Br. in Opp'n to Pl.'s Mot. to Remand at 4-5). Service of Plaintiff's Amended Complaint occurred on February 8, 2011, so Defendants claim they had thirty days from that date to effect the removal of this action.

Service of the summons on counsel for Defendants Outback Steakhouse and OSI has the same effect as if the defendant had been properly served. See N.J. Court Rules, R. 6:2-3(e). On January 20, 2011, Defendants Outback Steakhouse and OSI's attorney acknowledged service of the state court action through a summons and complaint filed by Plaintiff against those Defendants, and made corrections regarding the date of service and the successor business entities (changing "Inc." to "LLC") before signing the acknowledgment of service. (Pl.'s Mot. to Remand, Ex. C). Defendants successor LLCs Outback Steakhouse and OSI were thus acknowledged as served through their counsel, and they were not "later-served" defendants for the purposes of triggering a later 30-day removal period under this Circuit's law since they were direct recipients of service as LLCs. See DiLoreto v. Costigan, 351 F. App'x 747, 752 & n.7 (3d Cir. 2009); Orlick v. J.D. Carton & Sons, Inc., 144 F. Supp. 2d 337, 342-43 (D.N.J. 2001)("Under the 'later-served defendant' rule, 'each defendant to an action is entitled to thirty days after service to remove an otherwise removable action . . . .'"). Defendants received sufficient notice of the removability of the action once their attorney acknowledged service on their behalf, and while the Amended Complaint filed by Plaintiff listed both the predecessor and successor business entities of Outback Steakhouse and OSI, this did not provide any additional notice to defendants regarding removability of the action to federal court. Therefore, Defendants' acknowledgment of service on January 20, 2011 constituted service of both the summons and the complaint on Defendants as LLCs under New Jersey state law and this Circuit's law. See Skirica v. Nationwide Ins. Co., 416 F.3d 214, 222 (3d Cir. 2005). Since the Amended Notice of Removal was not filed within the 30-day period required under 28 U.S.C. § 1446(b), it was untimely filed.

### C. Attorneys' Fees and Costs

Pursuant to 28 U.S.C. § 1447(c), this Court may "require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of removal." Absent unusual circumstances, a district court may award attorneys' fees under § 1447(c) only "where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, where an objectively reasonable basis exists, fees should be denied." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). Here, Defendants did not contest that Defendant OSFNJ broke the complete diversity required for this Court's subject matter jurisdiction. However, given the "confusion and uncertainty" regarding the fraudulent misjoinder doctrine, Kaufman v. Allstate Insurance Company, 2010 U.S. Dist. LEXIS 65122, at *7 (D.N.J. June 30, 2010), this Court cannot conclude that there was no objectively reasonable basis for seeking removal or that removal was frivolous. See also Reuter v. Medtronics, Inc., 2010 U.S. Dist. LEXIS 118216 (D.N.J. November 5, 2010). This Court thus does not find justification for an award of costs and Plaintiff should not be awarded fees pursuant to 28 U.S.C. § 1447(c).

### IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand is **granted** and his motion for attorneys' fees and costs is **denied**.

An appropriate Order accompanies this Opinion.

DATED: September 8, 2011

/s/ Jose L. Linares
Jose L. Linares
United States District Judge

15